STEMMLER et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    December 8, 1899.)

MUNICIPAL CORPORATIONS—RIGHT OF CITY OF NEW YORK TO AMEND ANSWER.
    Where the city of New York seeks to amend its answer by introducing
    matter which would compel the plaintiff to renotice the case for trial,
    and refile a note of issue, and thus delay the trial for two years, the
    motion will be granted upon the condition that the city will stipulate that
    it will apply for a preference of the trial, under Code Civ. Proc. § 791,
    subd. 2, giving the city of New York a preference in civil causes.

Appeal from special term, New York county.

Action by Theodore Stemmler and another against the mayor, aldermen, and commonalty of the city of New York. From an order denying defendants' motion for leave to amend, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Theodore Connoly, for appellants.

Delos McCurdy, for respondent.

O'BRIEN, J.    The rule which ordinarily prevails that an amendment of a pleading will not be allowed where there has been laches or delay should not be so strictly applied in the case of a municipal corporation as in the case of an individual.    So far has the rule been relaxed that cases can be found wherein it has been held that public interests are not to suffer by laches in asserting them. Thus, in U. S. v. Kirkpatrick, 9 Wheat. 720, 735, 6 L. Ed. 199, Story, J., says:

"The general principle is that laches is not imputable to the government, and this maxim is founded, not in the notion of extraordinary prerogative, but upon a great public policy.    The government can transact its business only through its agents; and its fiscal operations are so various, and its agencies so numerous and scattered, that the utmost vigilance would not save the public from the most serious losses if the doctrine of laches can be applied to its transactions."

These words, though used in the case of the nation, where governmental functions are, of necessity, conducted on a larger plan than in the case of the state or municipality, have none the less been held true as to the latter.    Thus, in Greer v. Mayor, etc., 1 Abb. Prac. (N. S.) 206, 210, the court said:

"The measure of neglect which is applied to cases against individuals for their own acts or neglect, for which they are themselves responsible, ought not to be applied to public functionaries representing parties who are made liable for acts or omissions of which they are ignorant."

See, also, Seaver v. Mayor, etc., 7 Hun, 331.

In Lunney v. Mayor, etc., 14 Wkly. Dig. 140, the rule as to laches was more explicitly stated:

"That in an action against an individual or a private corporation this great delay between the service of the answer and application for leave to amend would present a very serious obstacle in the way of the success of the application; but in an action affecting public interests, which ordinarily does not stimulate that degree of earnest zeal and activity which is aroused in individuals affected by legal proceedings, the same considerations cannot be rigidly

applied. In such case it is the duty of the court to see that no substantial
injustice shall be permitted. 7 Hun, 331. The public interests are not to be
jeopardized by mere delays of this nature, and, where that result can be avoided
without serious embarrassment to plaintiff's rights, it should be done by allowing proper amendments or corrections to the pleadings or proceedings."

These cases state the rule concerning the doctrine of laches
as applied to governmental bodies such as municipal corporations;
and it appears that, while a city should be protected from injury
by mere delay, on the other hand, where injustice or great injury
would result to the opposite parties, the general rule as to laches
should be enforced. In the present instance the failure to include
in the original answer the matter now sought to be introduced is
to some extent explained, and the amendment should have been
allowed unless manifestly unjust, or prejudicial to the plaintiff.
The only hardship suggested by the learned judge below or pressed
upon our consideration is the delay that would be entailed by compelling the plaintiff to renotice the case for trial, and refile a note
of issue, and thus delay the trial for two years. Such delay can
be avoided, however, by compelling the defendant to stipulate,
as a condition of the amendment, to claim a preference under section 791, subd. 2, Code Civ. Proc.

The order accordingly should be reversed, without costs, and the
motion granted, upon the condition that the city will stipulate that
it will apply for a preference of the trial, and pay all the costs of
the action to date. All concur.